IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 38958-8-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JUAN CARLOS NAVARRO, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, A.C.J. — Juan Carlos Navarro appeals his conviction for possession of a firearm in the first degree. He argues his conviction must be dismissed because the trial court, on three occasions, violated the time-for-trial rule, CrR 3.3. We disagree and affirm.

## FACTS

While on a routine late-night patrol, a law enforcement officer encountered Juan Carlos Navarro at a trailhead in his parked car. The officer saw a shotgun in the backseat of Mr. Navarro's car. After learning that Mr. Navarro was prohibited from owning a firearm due to a prior conviction and that he had outstanding warrants, the officer placed him under arrest.

The State charged Mr. Navarro with first degree unlawful possession of a firearm. He did not post bail and remained detained in jail throughout the court proceedings.

Mr. Navarro was arraigned on November 1, 2021. Trial commenced three months later, but the jury could not arrive at a unanimous verdict. The trial court declared a mistrial on February 9, 2022. Later that month, the court set a new trial date for April 6, 2022, the 56th day after it declared a mistrial.

*First continuance*

On March 21, the State moved for a continuance of the trial date to April 20 because of scheduling conflicts for two of its witnesses—one police officer had a scheduled vacation and another officer was scheduled to attend a preapproved training. Defense counsel objected to the continuance and argued it would violate Mr. Navarro's ruled-based right to a speedy trial. The trial court granted the State's motion and continued trial to April 20. The court made oral findings that the continuance was necessary to the administration of justice and that the defendant would not be prejudiced in the presentation of his defense.

*Second continuance*

On April 19, during a status conference the day before trial, defense counsel notified the trial court that he had dinner with his son the previous day and that his son

tested positive for COVID-19 the next morning.  Defense counsel stated he took a rapid

test that morning that came back negative, he was not experiencing symptoms, and he was

vaccinated and boosted.  Neither party moved for a continuance based on this

information.

However, on its own motion, the trial court continued the trial to May 4 because of

safety concerns for the trial's participants.  The court made oral findings that an

unavoidable or unforeseen circumstance affected the time of trial, it was necessary for the

administration of justice to continue the trial, and the defendant would not be prejudiced

in his defense.  Although defense counsel stated he did not want a continuance and was

willing to go forward with the April 20 trial date, he did not expressly object to the trial

court's continuance.

*Resetting of trial date*

On May 4, both parties appeared for trial, but the trial court said it was resetting

Mr. Navarro's trial to May 18.  The court explained that the previous continuance from

April 20 to May 4 was "an excluded period of time [under CrR 3.3(b)(5)]."  Rep. of Proc.

at 225.  It calculated the speedy trial expiration date as June 3—30 days after May 4.  The

court said it had another case scheduled for May 4 and explained it could not reset that

case because it had only two days remaining under the speedy trial rule.  Defense counsel

3

did not object to the May 18 trial date but instead moved, successfully, to reduce Mr.

Navarro's bail.

Trial began on May 18. The jury returned a guilty verdict. Mr. Navarro timely

appealed.

ANALYSIS

Mr. Navarro contends the trial court violated the time-for-trial rule on three

occasions. We conclude that he waived any objection by failing to note a motion to set

the trial within the rule's time limits.

*Standard of review*

We review alleged violations of CrR 3.3 de novo. *State v. Walker*, 199 Wn.2d

796, 800, 513 P.3d 111 (2022).

*Washington's time-for-trial rule—CrR 3.3*

States can prescribe reasonable periods for commencement of trials consistent with

constitutional standards. *Barker v. Wingo*, 407 U.S. 514, 523, 92 S. Ct. 2182, 33 L. Ed.

2d 101 (1972). Under Washington's time-for-trial rule, a defendant who is detained in

jail must be brought to trial within 60 days of arraignment. CrR 3.3(b)(1)(i), (c)(1).

4

Under CrR 3.3(e), certain time periods are excluded when computing the time for trial. If any time period is excluded under CrR 3.3(e), the allowable time for trial does not expire earlier than 30 days after the end of the excluded period. CrR 3.3(b)(5).

If a defendant is not brought to trial within the applicable time period, the court must dismiss all charges with prejudice, provided the defendant takes specific steps to preserve the issue. CrR 3.3(d)(3), (h). Specifically,

> [a] party who objects to the date set upon the ground that it is not within the time limits prescribed by this rule must, within 10 days after the notice is mailed or otherwise given, move that the court set a trial within those time limits. Such motion shall be promptly *noted* for hearing by the moving party in accordance with local procedures. A party who fails, for any reason, to make such a motion shall lose the right to object that a trial commenced on such a date is not within the time limits prescribed by this rule.

CrR 3.3(d)(3) (emphasis added).

A motion for the court to set trial within the time prescribed by CrR 3.3 must be made in writing. *State v. Chavez-Romero*, 170 Wn. App. 568, 581, 285 P.3d 195 (2012). The requirement of a writing is near explicit in the rule itself by requiring that the motion be "noted" for hearing. The requirement that a motion be noted for hearing precludes an oral objection from being sufficient.

No. 38958-8-III
*State v. Carlos Navarro*

Here, Mr. Navarro never noted a motion with respect to any of the continued or reset trial dates he challenges on appeal. In accordance with CrR 3.3(d)(3), we deem his challenges as unpreserved.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, A.C.J.
Lawrence-Berrey, A.C.J.

WE CONCUR:

_____          _____
Pennell, J.                                                    Cooney, J.

6